TUCKER vs. THE STATE.

1. On the trial of a criminal prosecution against a clerk of the Circuit Court for collecting, under judgment in favor of the State, and refusing to pay over to the county treasurer money to which he is entitled, within three days after demand, proof that the collection was made in *county claims* will not support the indictment.

2. The collection by the deputy of money, which the clerk of the court is authorised to receive, is in legal contemplation a collection by the clerk himself, and he is liable accordingly.

Error to the Circuit Court of Coffee. Tried before the Hon. Samuel Chapman.

F. S. Jackson, for plaintiff in error.

Baldwin, Attorney General, for the State:
1. The principal clerk was authorised by statute to receive

the sum of money mentioned in the indictment.—Clay's Dig. 147, § 24; Murray v. Charles, 5 Ala. Rep. 678.

2. The principal clerk is bound by the acts of his deputy in the ordinary course of his business, and payment to his deputy *is a payment to him of the amount of a judgment.*—Weddes v. J. W. & S. Esdell, 2 McLean, 366; Stuart v. Madison, 1 Call, 417.

3. In the absence of principal the deputy is authorised to receive money and transact business, &c.—Clay's Dig. 146, § 19; Kemp & Buckly v. Porter, 7 Ala. Rep. 138.

4. County claims, such as witness' certificates, may be received in payment of fines and forfeitures.—Clay's D. 600, § 7.

5. The paying off of fines and forfeitures with any county claim causes the county claims to be considered as, and to assume the office of money, within the meaning of the 7th ch. 9th sec. of the Penal Code.

PARSONS, J.—This cause comes up on a bill of exceptions, according to the statute. The writ of error is waived by consent of the Attorney General and of the counsel of the plaintiff in error—no writ of error having, in fact, issued, as we suppose. As the case is a misdemeanor, we are willing to decide it, under the circumstances, without the writ of error.

It appears by the transcript that the plaintiff in error was indicted as clerk of the Circuit Court of Coffee county, for this, that he collected certain *money* in his official capacity, in a case of the State against certain persons named in the indictment, which he failed and refused to pay within three days after demand, to the county treasurer, who was entitled to it. It appears by the bill of exceptions that this clerk, by his deputy, collected the amount in question *in county claims*, with the exception of two dollars in money, but there was no proof that any of this had gone into the hands of the plaintiff in error. The court charged the jury that a payment in county claims was a payment in money under the statute. This was erroneous. If a public officer must receive claims of this kind, they are not, therefore, money; they retain their identity, and he is not liable to pay out money in their stead. He was indicted for having collected and refused to pay money, to which the treasurer was entitled. He could not be convicted under

this indictment for having collected and refused to pay over county claims, such as witnesses' certificates: the proof must agree with the allegation. The judgment must be reversed for the error of this part of the charge, but the cause will be remanded, as it appears that the clerk by his deputy did receive some money.—See Clay's Dig. 147, § 24, and ch. 7, § 9, of the Penal Code. The offence created by the last cited act is a misdemeanor. If the clerk's deputy collected the money, a was a collection in legal estimation by the clerk himself, and he is liable accordingly.

It is not necessary to decide whether *a clerk* is authorised to receive county claims in lieu of money, in such cases. That question cannot arise upon the present indictment.